UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM C. COULSON, et al.,**

      **Plaintiffs,**                              Civil Action No. 2:23-cv-930

    v.                                          Judge Edmund A. Sargus, Jr.
                                                Magistrate Judge Chelsey M. Vascura

**GULFPORT APPALACHIA, LLC,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs William C. Coulson and Tracy L. Coulson's Motion to Remand (ECF No. 10) and Defendant Gulfport Appalachia, LLC's Motion to Dismiss (ECF No. 6). Defendant also filed a Motion for Leave to File Sur-Reply (ECF No. 15) related to Plaintiffs' Motion to Remand. Plaintiffs moved to stay (ECF No. 7) the briefing on the Motion to Dismiss to allow the Court to rule on the Motion to Remand. All motions are fully briefed.

For the reasons below, Plaintiffs' Motion to Remand (ECF No. 10) is **GRANTED**. Plaintiffs' Motion to Stay (ECF No. 7) is **DENIED AS MOOT**, and Defendant's Motion for Leave to File Sur-Reply (ECF No. 15) is **DENIED**. The Court does not need to address the merits of Defendant's Motion to Dismiss (ECF No. 6) given its decision on the Motion to Remand.

### I.    Background

This case is about whether Plaintiffs have title to the oil and natural gas underlying the surface of their property such that Defendant is required to compensate them for the removal of those minerals.

### A.    Plaintiffs' Ownership of the Surface of the Subject Properties

Plaintiffs are the owners of two tracts of land ("Subject Properties") in Belmont County, Ohio. (ECF No. 5 at ¶1.) They acquired ownership of the Subject Properties in 1998 by virtue of

1

two deeds. (*Id.* at ¶8–10.) The interest in the oil and gas, however, was severed from the surface of the Subject Properties through an 1899 deed that gave Jane Wilson and her heirs, who are not a party to this lawsuit, a mineral interest to the oil and gas under the Subject Properties. (*Id.* at ¶7.) Plaintiffs claim that after acquiring ownership of the Subject Properties, they tried unsuccessfully to identify and locate the current holder of the pre-existing mineral interest. (*Id.* at ¶12.) In 2012, Plaintiffs attempted to utilize the procedures of Ohio's Dormant Mineral Act ("DMA") to deem the severed oil and gas interest abandoned and reunited with the Subject Properties. (*Id.* at ¶10–19.)

### B. Gulfport's Authorization to Unitize and Begin Drilling

In the summer of 2022 Defendant submitted two applications to the Ohio Department of Natural Resources ("ODNR") requesting authorization to unitize land, including the Subject Properties, for purposes of drilling for oil, natural gas, and related minerals. (*Id.* at ¶21.) To secure authorization to drill in the units, Defendant required the consent of 65% of the mineral rights owners. (ECF No. 14 at PageID #551.) ODNR granted Defendant's applications and issued orders for unit operations on October 11, 2022, and December 1, 2022. (ECF No. 5 at ¶23; ECF No. 1-5 at PageID #135.) The ODNR Orders authorized Defendant to conduct operations in accordance with a Plan for Unit Operations. (ECF No. 6 at PageID #380–81.) Defendant began drilling on December 15, 2022. (*Id.* at PageID #381.)

## II. Procedural History

This case began as an action to quiet title. (ECF No. 1-1.) Plaintiffs believe that they have marketable title to the mineral rights for the Subject Properties, which are included within Defendant's units of drilling operations. (ECF No. 10 at PageID #446.) But according to Plaintiffs, Defendant's applications for statutory unitization do not recognize Plaintiffs'

2

marketable title to the mineral rights.  (*Id.*)  Defendant instead recognizes other individuals as the owners of the mineral rights.  (*Id.*)  Plaintiffs have no objection to Defendant's drilling operations so long as Plaintiffs receive compensation for removal of the minerals.  (ECF No. 10 at PageID #446.)  In November 2022, Plaintiffs filed a complaint ("Original Complaint") against Defendant in the Belmont County Court of Common Pleas to quiet title to the mineral rights at issue.  (ECF No. 1-1.)  Defendant was served on December 5, 2022 (ECF No. 1 at PageID #1) and answered the complaint on January 17, 2023 (*id.* at PageID #2).

On February 6, 2023, Defendant moved to join what it claimed were necessary and indispensable parties and to drop itself as a defendant.  (ECF No. 1-5 at PageID #131–148.)  In that motion, Defendant argued that the real parties in interest were those identified as mineral owners in Defendant's unitization applications, as well as the lessors and lessee of the leases covering the Subject Properties.  (*Id.*)  Defendant explained that it was not a proper party and should be dropped as the defendant because it was only the operator of two statutorily authorized drilling units and had no legal interest in the oil and gas.  (*Id.*)

Plaintiffs then filed an Amended Complaint which mooted Defendant's motion to join; in the Amended Complaint Plaintiffs withdrew the quiet title claim and asserted claims against Defendant for trespass, anticipatory trespass, conversion, unjust enrichment, and injunctive relief.  (ECF No. 5.)  Defendant moved to dismiss the Amended Complaint.  (ECF No. 6.)

Before Plaintiffs responded to the Motion to Dismiss, Defendant filed its Notice of Removal on March 10, 2023.  (ECF No. 1.)  Defendant sought to remove this case from the Belmont County Court of Common Pleas based on diversity jurisdiction under 28 U.S.C. § 1332(a).  (*Id.*)  Plaintiffs subsequently moved to stay briefing on the Motion to Dismiss in anticipation of their forthcoming motion to remand the case back to state court.  (ECF No. 7.)

Plaintiffs argued that the issue of whether Defendant's removal was untimely should be resolved before the Court addresses the Motion to Dismiss. (*Id.* at PageID #430.) Defendant opposed the Motion to Stay (ECF No. 8), and Plaintiffs replied (ECF No. 9).

As they had indicated, Plaintiffs then moved to remand the case back to the Belmont County Court of Common Pleas, arguing that Defendant's Notice of Removal was untimely. (ECF No. 10.) Defendant opposed that Motion (ECF No. 13), and Plaintiffs replied (ECF No. 14). Defendant also sought leave to file a sur-reply. (ECF No. 15.)

### III. Analysis

**A. Motion for Leave to File Sur-Reply**

As a threshold issue, the Court must first decide whether Defendant should be permitted to file a sur-reply to the Motion to Remand. The local rules of this Court seldom permit "additional memoranda" beyond motions, memoranda in opposition, and replies "except upon leave of the court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2). Generally, good cause exists when the reply brief raises new grounds not included in the initial filing, and/or to clarify misstatements contained in the reply brief. *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 835–36 (S.D. Ohio 2019).

In their Reply, Plaintiffs rely on Defendant's applications to the ODNR to support their argument that Defendant was a real party in interest to the Original Complaint for the purposes of diversity of citizenship. (ECF No. 14 at PageID #550–554.) In the Sur-Reply, Defendant argues that Plaintiffs should have relied on the unitization orders instead of the applications to get a more accurate percentage of the consenting owners within the statutory drilling units when the quiet title action was filed. (ECF No. 15 at PageID #569–70.) Defendant argues that Plaintiffs' reliance on

the application, rather than the unitization order, was a misstatement that requires clarification. (*Id.*) Plaintiffs did not oppose the Motion for Leave to File Sur-Reply.

The relevant portion of Plaintiffs' Reply, to which Defendant seeks to respond, pertains to the issue of whether there was complete diversity of citizenship in the original complaint. (ECF No. 14 at PageID #550–554.) However, as explained below in Section III.B.1, the Court declines to consider the merits of Defendant's argument regarding diversity of citizenship because Defendant waived that claim by not raising it in the Notice of Removal. (*See* ECF No. 1.) Accordingly, Defendant's Motion for Leave to File Sur-Reply (ECF No. 15) is **DENIED**.

    **B. Motion to Remand**

Federal district courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests with the defendant as the party removing the case. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). Removal statutes are to be strictly construed and all doubts resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) (calling for strict construction of statutes regulating the jurisdiction of federal courts); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (same).

A defendant may remove an action brought in state court over which the federal district court would have original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction exists where there is diversity of citizenship between the parties, 28 U.S.C. § 1332, or when the complaint presents a federal question, 28 U.S.C. § 1331. Removal based on diversity jurisdiction "requires complete diversity between all plaintiffs on one side and all defendants on the other side," *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004), and that the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a).

Courts strictly construe which cases may be removed to federal court, and the procedures by which they are removed. First, a defendant must file a notice of removal "within 30 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). While the 30-day time limit is strictly enforced, the statute does provide an exception for when federal jurisdiction is not apparent at the outset of the case. 28 U.S.C. § 1446(b)(3); *see Thomas v. Columbia Sussex Corp.*, No. 2:08-cv-182, 2008 WL 2303046, at *2 (S.D. Ohio May 30, 2008) (citations omitted) (describing the limitation as an "absolute bar" and noting the "very few exceptions"). When federal jurisdiction is not apparent at the outset, the notice of removal may be filed within 30 days after the defendant could first ascertain that the case is removable. 28 U.S.C. § 1446(b)(3).

The Motion for Remand turns on when Defendant should have known this case was removable. Plaintiffs argue that the case should be remanded because Defendant's Notice of Removal was not filed within 30 days of receipt of the Original Complaint and was therefore untimely. (ECF No. 10 at PageID #450.) Defendant counters that federal jurisdiction was not apparent from the Original Complaint. (ECF No. 13 at PageID #513.) Instead, the 30-day period only started to run after Plaintiffs filed their Amended Complaint. (*Id.*)

In opposing the Motion for Remand Defendant presents two arguments to support its position that federal jurisdiction was not apparent at the outset of the case. (ECF No. 13 at PageID #513.) First, it contends that there was not complete diversity between Plaintiffs and the real parties in interest. (*Id.*) Second, Defendant argues that the amount in controversy did not exceed $75,000. (*Id.*) Plaintiffs counter that Defendant failed to make the first argument in its Notice of Removal and cannot now argue a new substantive ground to oppose the Motion to Remand (ECF

6

No. 14 at PageID #548–54), and that the amount in controversy was met in the Original Complaint (*id.* at PageID #554–56).

### 1. Complete Diversity of Citizenship

In its Notice of Removal, Defendant asserts that it did not remove the action upon receiving service of the Original Complaint because it did not believe that Plaintiffs' allegations satisfied the amount-in-controversy requirement. (ECF No. 1 at PageID #5–6.) Nowhere in the Notice of Removal, however, did Defendant assert that the Original Complaint was not removable due to a lack of complete diversity of citizenship among the real parties in interest. (*Id.*) Plaintiffs argue that it would be fundamentally unfair to allow Defendant to essentially amend its Notice of Removal and raise new grounds in its opposition brief to the Motion to Remand. (ECF No. 14 at PageID #548–49.)

Pursuant to 28 U.S.C. § 1446(a), a notice of removal must contain a short and plain statement of the grounds for removal. The notice may be amended freely within the 30-day period for removal. *Nero v. Maserati N. Am., Inc.*, No. 1:17 CV 1574, 2017 WL 4124976, at *2 (N.D. Ohio Sept. 18, 2017); *see also* 28 U.S.C. § 1446(b)(1). But once the 30-day period expires, a defendant may only amend the notice of removal "to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice." *Id.* (citing 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3733 (4th ed. 2009)).

By extension, courts in this Circuit have held that a defendant cannot rely on a new jurisdictional ground for removal in response to a motion to remand. *See, e.g.*, *Hahn v. Rauch*, 602 F. Supp. 2d 895, 909 (N.D. Ohio 2008) (finding new substantive ground for removal waived because raised only in the opposition to remand); *Uppal v. Elec. Data Sys.*, 316 F.Supp.2d 531, 536 (E.D. Mich. 2004) (defendant's failure to act within the 30-day removal period "constitute[d]

7

a waiver of its right to invoke diversity jurisdiction"); *Thompson v. Gulf Stream Coach, Inc.*, 2007 WL 2413108, at *2–3 (W.D. Mich. Aug. 21, 2007) (noting that the ability to cure technical defects in the notice of removal should not be confused with adding a new ground for federal jurisdiction); *Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, 1224 (M.D. Tenn. 2017) (limiting the jurisdictional grounds to those raised in the notice of removal).

Defendant argues that although it was the only named defendant in the Original Complaint, it was a nominal party or neutral stakeholder, not a real party in interest. (ECF No. 13 at PageID #514.)  Instead, the real parties in interest were Ohio citizens who claimed an interest in the minerals underlying the Subject Properties, and therefore there was no complete diversity of citizenship. (*Id.* at PageID #516.)  However, Defendant did not raise this issue in its Notice of Removal. (See ECF No. 1.)  Accordingly, this argument has been waived and the Court will not consider it in reaching a decision on the Motion to Remand.

### 2. Amount in Controversy

Defendant argues that the Original Complaint was not removable because the amount in controversy was $0. (ECF No. 13 at PageID #516–17.)  In the Notice of Removal, Defendant claims that "[b]ecause Plaintiffs did not seek damages in the [Original] Complaint, and because there were no 'leases or other conveyances executed or entered into by Gulfport' relating to Plaintiffs' property, the amount in controversy did not exceed $75,000 at that time." (ECF No. 1 at PageID #2.)  In its response opposing remand, Defendant essentially argues that it was not the proper party against which Plaintiffs should have brought their Original Complaint.  Defendant "disclaimed any interest in the property," and "[b]ecause a quiet title claim exists only between adverse claimants to property, and Gulfport claims no interest in the property," the required amount in controversy was not met. (ECF No. 13 at PageID #517.)

8

As an initial matter, the cases cited by Defendant in support of its alleged status as a "nominal party" pertain to determining diversity of citizenship, not amount in controversy. (*See id.* at PageID #513–515.) Additionally, as one of the cases cited by Defendant reasons, "there is a difference between a nominal party, and a party against whom the plaintiff has [allegedly] failed to state a claim." *Matchett v. Wold*, 818 F.2d 574, 576 (7th Cir. 1987). Defendant could, and did, challenge Plaintiffs' Original Complaint on the basis that it failed to state a claim upon which relief can be granted. (ECF No. 4 at PageID #338.)

That Defendant disputes the merits of the Original Complaint, however, does not determine the amount in controversy. In the Original Complaint Plaintiffs sought to "quiet title to the mineral rights underlying the Subject Properties." (ECF No. 3 at PageID #318.) As Plaintiffs correctly point out, the amount in controversy is measured by the value of the object of the litigation, which in this case is the mineral rights underlying the Subject Properties. *See Northup Properties, Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 770 (6th Cir. 2009). "Courts assess the amount in controversy based on the face of the complaint, not the subsequent application of affirmative defenses[.]" *Compass Grp. USA, Inc. v. Eaton Rapids Pub. Sch.*, 349 F. App'x 33, 35 (6th Cir. 2009). Defendant focuses on its "nominal party" argument and does not dispute that the value of the mineral rights exceeds $75,000.[1] "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount," and "the existence of a valid defense to the claim does not show [Plaintiffs'] bad faith or oust the jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Defendant has not established that the amount in controversy in the

---

[1] Plaintiffs offer a rough estimate of the value of the mineral interests at either $290,700, or $690,200, depending on the metric.

Original Complaint was less than $75,000. Accordingly, it has not shown that removal was timely, and Plaintiffs' Motion for Remand is hereby granted.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion for Leave to File Sur-Reply (ECF No. 15) is **DENIED**. Plaintiffs' Motion to Stay the Motion to Dismiss (ECF No. 7) is **DENIED AS MOOT**. Plaintiffs' Motion to Remand (ECF No. 10) is **GRANTED**. The Clerk is directed to remand this case to the Belmont County Court of Common Pleas and to terminate the case from this Court's docket.

**IT IS SO ORDERED.**

**3/25/2024**                                          **s/Edmund A. Sargus, Jr.**
**DATE**                                                 **EDMUND A. SARGUS, JR.**
                                                          **UNITED STATES DISTRICT JUDGE**